# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRI CROOK,  Plaintiff, | ) ) ) ) |
| v | ) 2:11-cv-827 |
| CHICK, LLC,  Defendant. | ) ) ) ) ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On June 22, 2011, Plaintiff Terri Crook commenced this lawsuit by the filing of a two-count Complaint against her former employer, Chick, LLC, in which she seeks equitable relief and damages under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").[1] The gravamen of the Complaint is that Chick LLC, the owner of a former retail clothing outlet in Pittsburgh, Pennsylvania, denied Crook the position of General Manager "because she had a child," "because of discriminatory stereotyped assumptions about [Plaintiff]", and because she "was treated differently from both male workers and from female workers without children." (Doc. No. 1 at 3-4). To the Plaintiff, the reasons offered by her employer constitute unlawful gender discrimination under Title VII and the PHRA.[2] All filings of record indicate that Plaintiff properly served the Complaint and Summons upon Defendant.

---

1. Based on the Court's calculation, both claims appear to be otherwise time-barred, as Plaintiff filed the Complaint ninety-two (92) days after receipt of the right to sue letter, *see* 42 U.S.C. § 2000e-5(f)(1), and the Written Charge was filed with the PHRC after the 180 window, *see* 43 PA. CONS. STAT. ANN. § 959(h). However, the time limits are not jurisdictional, and the United States Court of Appeals for the Third Circuit has instructed that it is generally an error to dismiss a claim *sua sponte* based on a waivable defense. *See Archer v. Caribbean Auto Mart, Inc.*, 379 Fed. App'x 157, 159 (3d Cir. 2010) (citing *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)).
2. The Court reads the Complaint as asserting some form of a "sex-plus" discrimination claim first recognized by the Supreme Court in *Phillips v. Martin Marietta Corp.*, 400 U.S. 542, 544 (1971). "The United States Court of Appeals for the Third Circuit has not specifically addressed the elements of a sex-plus discrimination claim." *Nesselrotte v. Allegheny Energy, Inc.*, CIV A 06-01390, 2009 WL 703395, *10 (W.D. Pa. Mar. 16, 2009). The courts to have addressed this concept "are split, however, over whether the proper comparator may only include a

From June 2011 to January 2013, there was no further activity in this case. Defendant neither entered an appearance nor filed an Answer; Plaintiff did not seek the entry of default. On January 3, 2013, this Court entered an Order (Doc. No. 4) in which it directed that, on or before January 16, 2013, counsel for Plaintiff was to show good cause as to why this case should not be dismissed for failure to prosecute.

Counsel for Plaintiff proceeded to file a "Request for Default" and an attached "Application for Default Judgment" with brief in support on January 3, 2013. The Court entered an Order of Court on January 4, 2013, which denied the request of Plaintiff without prejudice based on her counsel's failure to comply with the Federal Rules of Civil Procedure. Later that day, Plaintiff complied with the Court's directive and refiled her Request for Default and Motion for Default Judgment. The Clerk of Court entered default against Defendant for failure to plead or otherwise defend on January 7, 2013, and this Court entered an order the next day in which it granted the Motion for Default Judgment. A hearing was scheduled on January 29, 2013 at 1:00 p.m. to determine the amount of damages, if any, to award Plaintiff. Defendant was notified of the Order of Court and the date of the hearing via First-Class and Certified Mail. The Certified Mail was returned to the Court as "unclaimed" and "unable to forward."[3]

---

person outside of the protected class who has the same 'plus characteristic' as the plaintiff (in this case, a male with young children) or whether the comparator may include any person (male or female) who lacks the 'plus' characteristic (in this case, a female without young children)." *Philipsen v. Univ. of Michigan Bd. of Regents*, 06-CV-11977-DT, 2007 WL 907822, *6 (E.D. Mich. Mar. 22, 2007) (citation omitted). Here, given the silence by our court of appeals, this Court will find that a valid cause of action has been pled in this case.
3. The Court takes judicial notice of *In re: Ira Gorman aka Chickdowntown, aka Singularity Clark, aka Chick, aka Chick LLC* filed at docket number 09-23607 in the United States Bankruptcy Court for the Western District of Pennsylvania. Although the Chapter 7 Involuntary Petition was ultimately dismissed, the Court notes that a review of the record indicates that Defendant Chick LLC may now be insolvent with its clothing store closed. A review of related state court cases involving Chick LLC appears to confirm this notion. *See e.g.*, *Enterprise Bank v. Chck LLC*, GD-09-023241 (Pa. Com. Pl. 2009) (indicating that all of Chick LLC's known liquidated assets have been sold and proceeds paid to the Enterprise Bank, the senior lien-holder); *Mint Collection Inc. v. Chick LLC*, GD-09-008472 (Pa. Com. Pl. 2009) (indicating that Chick LLC chose not to defend itself even though it was properly served and filed an Answer in a breach of contract action where Plaintiff was awarded almost $60,000 in a non-jury trial)

Nevertheless, the hearing proceeded as scheduled and the Court heard testimony from Plaintiff and argument from her attorney. Neither Defendant nor any representative of Chick, LLC attended the hearing. Afterward, Plaintiff's counsel requested the Court permit him to file Proposed Findings of Fact and Conclusions of Law. The Court granted his request, and the filing was docketed on February 12, 2013.

Based on the testimony presented during the hearing and the applicable law, the Court enters the following findings of fact and conclusions of law pursuant to the Federal Rules of Civil Procedure. For the reasons that follow, the Court will award Plaintiff a limited amount of the damages sought.

## Findings of Fact

1. Defendant was the owner of Chickdowntown, then a high-end women's fashion retailer located in Downtown Pittsburgh owned and operated by Amy Reed.

2. Defendant hired Plaintiff as an independent contractor in late 2007 or early 2008 in which her work included graphic design, blogging, logging inventory, and serving as a weekend manager.

3. Plaintiff alleges that she earned between $500.00 and $700.00 per week as an independent contractor while employed by Defendant. Plaintiff worked approximately forty (40) hours per week.

4. On or about November 2, 2008, Plaintiff applied for the position of general manager at the Defendant's clothing boutique. The position was advertised on the internet at monster.com.

5. On or about November 2, 2008, Plaintiff was denied the position, which allegedly would have paid between $15.00 and $20.00 an hour. Plaintiff claims that she learned of this figure from speaking with someone who previously served as the general manager and alleges that the

3

position would also have added twenty (20) hours of overtime work per week to her schedule. Plaintiff is not aware of whether the general manager position would have included benefits.

6. Allegedly, Reed and Ira Gorman (Reed's husband) later informed Plaintiff that she was denied the position because she had a child. Plaintiff does indeed have a six-year-old son who has various mental and physical disabilities.

7. On November 12, 2008, Plaintiff requested that Gorman grant her another interview; Gorman responded that Plaintiff may be granted the opportunity when her son is older.

8. After the denials, Plaintiff continued to work as an independent contractor with Defendant.

9. Defendant terminated Plaintiff from her employment in or around February 2009. Plaintiff does not offer either her employer's reason for or her beliefs on why she was terminated.

10. Plaintiff then attempted to find new employment and applied to many fashion websites and fashion stores.

11. Shortly thereafter, Plaintiff received an interview with Singer22.com, a competitor of Defendant.

12. Singer22.com quickly hired Plaintiff as an independent consultant where she worked in graphic design and blogging; Plaintiff alleges that she earned between $250.00 and $300.00 per week at this particular company.

13. Plaintiff continued to work for Singer22.com for approximately one (1) to one and one half (1.5) years and her employment ended when she was moved her residence from Pittsburgh to Indiana County. During that transition, Plaintiff failed to effectively communicate with her

employer which became dissatisfied with her job performance and ultimately "weeded her out" from the position she held.

14. After the move, Plaintiff submits that she again diligently attempted to get full-time employment. Plaintiff claims to have applied at many places in nearby communities and with online companies engaged in the business of graphics and writing.

15. Plaintiff remains unemployed at this juncture. According to the Plaintiff's testimony, she was prescribed anti-depressants as a result of the pain and suffering she endured after Defendant denied her the general manager position, remains on the medications today, and never required such medications prior to the denial of the general manager position.

16. Plaintiff now seeks an award of $146,250.00 for economic losses (back pay for fifty-one (51) months and front pay for the "reasonable" period of two years) and asks the Court to exercise its discretion to quantify an appropriate sum for her alleged pain and suffering. Plaintiff calculates her alleged damages regarding back pay by positing an annual salary of $54,600.00 (using the mean $17.50.00 hourly rate and including the twenty (20) overtime hours) that she would have earned in the general manager position, subtracting the $31,200.00 annual salary (using the medium $600.00/week rate) that she earned as an independent contractor, and multiplying the monthly loss of $1,950.00 by the fifty-one (51) months that have passed from the promotion denial to the date of the hearing in this matter.

Conclusions of Law

1. Title VII of the Civil Rights Act of 1964 permits courts to grant equitable remedies to employees who have been subjected to impermissible discrimination by employers with fifteen or more employees. *See* 42 U.S.C. § 2000e–5(g) (1994).

2. District Courts in the third Circuit interpret Title VII and the PHRA identically and construe the protections of the two statutes interchangeably. *Hussein v. UPMC Mercy Hosp.*, 466 F. App'x 108, 111 (3d Cir. 2012) (quoting *Fogleman v. Mercy Hosp.*, 283 F.3d 561, 567 (3d Cir. 2002)).

3. The equitable remedies available to a prevailing plaintiff in a Title VII or PHRA action include the awards of back pay and front pay. *See Miller v. Tyco Electronics, Ltd.*, 1:10-CV-2479, 2012 WL 5509710, *3 (M.D. Pa. Nov. 14, 2012) (citing *Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 440 (3d Cir. 2009); *Gunby v. Pa. Elec. Co.*, 840 F.2d 1108, 1119 (3d Cir. 1988)). Section 1981 also authorizes compensatory damages under Title VII for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses," which are measured based on the size of the employer. 42 U.S.C.A. § 1981(a)(b)(3).

4. An award of "back pay is designed to make victims of unlawful discrimination whole by restoring them to the position they would have been absent the discrimination." *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 84 (3d Cir. 2009) (*Loeffler v. Frank,* 486 U.S. 549, 558 (1988)).

5. The standard calculation for back pay is "'to take the difference between the actual wages earned and the wages the individual would have earned in the position that, but for discrimination, the individual would have attained.'" *McKenna v. City of Philadelphia*, 636 F. Supp. 2d 446, 456 (E.D. Pa. 2009) (quoting *Gunby v. Pa. Elec. Co.*, 840 F.2d 1108, 1119-20 (3d Cir. 1988)).

6. Even though back pay makes a plaintiff whole, courts may also "award front pay where a victim of employment discrimination will experience a loss of future earnings because she

cannot be placed in the position she was unlawfully denied." *Donlin*, 581 F.3d at 86 (citation omitted).

7. A district court has wide discretion in awarding a plaintiff either of these equitable remedies. *Id.* at 84-86.

8. The Court now exercises that discretion and will award Plaintiff $3,000.00 in back pay to reflect her lost wages from the promotion denial in November 2008 to her termination in February 2009. Over this three month period, Plaintiff earned approximately $9,600.00 (using the medium $600.00/week rate) while employed as an independent contractor; Plaintiff would have earned $12,600.00 (using the mean $17.50.00 hourly rate and including the twenty (20) overtime hours) had she obtained the position of general manager. Plaintiff is not entitled to back pay from the date of the hearing in this matter or any front pay because she was terminated in February 2009. The Complaint fails to include any factual support or legal claim that Defendant terminated her employment on a discriminatory basis, and Plaintiff offered no testimony or evidence of a discriminatory termination of her employment at the hearing. Accordingly, Plaintiff has not shown that the termination was pretextual or that Defendant did not have a legitimate non-discriminatory business reason for its action in terminating her employment.

9. The Court will likewise not award Plaintiff any compensatory damages. The Court seriously questions the credibility of the testimony offered by Plaintiff regarding the effect of Defendant's denial of her promotion on her emotional well-being and does not accept her claims as true. Indeed, a consequence of the entry of default judgment is that the court need not accept as true those allegations relating to damages.

10. Therefore, the Court will enter an appropriate order adopting Plaintiff's Proposed Findings of Fact and Conclusion of Law in part. An appropriate Judgment will follow.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRI CROOK,<br><br>        Plaintiff,<br><br>v<br><br>CHICK, LLC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)  2:11-cv-827<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 19th day of February 2013, in accordance with the foregoing Findings of Fact and Conclusions of Law, it is hereby **ORDERED, ADJUDGED and DECREED** that Plaintiff's Proposed Findings of Fact and Conclusions of Law (Doc. No. 13) are **GRANTED IN PART** and **DENIED IN PART**. The Court will enter judgment in favor of Plaintiff Terri Crook and against Defendant, Chick LLC in the amount of $3,000.00.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:    Timothy M. Kolman
        Email: timothykolman@earthlink.net

        Chick, LLC
        717 Liberty Avenue
        Suite 2300
        Pittsburgh, PA 15222
        (via first-class and certified mail)